UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN LUCEY and LORI LUCEY,                              :

             PLAINTIFFS,                              :

      -against-                                                  :

GIBRALTAR CONTRACTING, INC. and          :
CALCEDO CONSTRUCTION CORP.,

                                         :

             DEFENDANTS.

                                         :
-----------------------------------------------------------------x

No.____ Civ. _____   (___)(___)

**COMPLAINT**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

      Plaintiffs JOHN LUCEY and LORI LUCEY, by their attorneys McCARTHY & KELLY LLP, hereby state and allege the following upon information and belief:

## THE PARTIES

1. Plaintiff JOHN LUCEY was and is an individual, a citizen of the United States and a resident of the State of New Jersey, residing at 659 Ackerman Avenue, Westwood, NJ 07675.

2. Plaintiff LORI LUCEY was and is an individual, a citizen of the United States and a resident of the State of New Jersey, residing at 659 Ackerman Avenue, Westwood, NJ 07675.

3. Defendant GIBRALTAR CONTRACTING, INC. was and still is a domestic corporation duly organized and existing under and pursuant to the laws of the State of New York.

4.      Defendant CALCEDO CONSTRUCTION CORP. was and still is a domestic corporation duly organized and existing under and pursuant to the laws of the State of New York.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 as the plaintiffs are citizens of the State of New Jersey and the defendants are citizens of the State of New York and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

6.      Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. Section 1391 because plaintiffs' claims arise in the Southern District of New York and because defendants are subject to personal jurisdiction in the Southern District of New York.

## FIRST CAUSE OF ACTION AS TO
## DEFENDANT GIBRALTAR CONTRACTING, INC.

7.      At all times hereinafter mentioned, defendant GIBRALTAR CONTRACTING, INC. was a domestic corporation duly organized and existing pursuant to the laws of the State of New York.

8.      On June 21, 2016, plaintiff JOHN LUCEY was lawfully present at the VA Hospital located at 423 East 23rd Street, NY, NY 10010, on the Ground Floor Building 6, Part1. (Hereinafter referred to as the "premises")

9.      At all times mentioned herein, plaintiff was employed by Interphase Electric Corp.  as an electrician.

10. On June 21, 2016 at approximately 9:30 a.m., plaintiff was working as an employee of Interphase Electric Corp., and was running electrical pipe in the "premises."

11. On information and belief defendant CALCEDO CONSTRUCTION CORP. was the general contractor on the above-described VA Hospital construction project.

12. On information and belief, prior to June 21, 2016, defendant CALCEDO CONSTRUCTION CORP. entered into a contract with Interphase Electric Corp., plaintiff's employer, for the latter to perform electric sub-contracting work at and/or on the aforementioned "premises."

13. On information and belief, prior to June 21, 2016, defendant CALCEDO CONSTRUCTION CORP. had entered into a contract with defendant GIBRALTAR CONTRACTING, INC., for the latter to perform masonry work at and/or on the aforementioned "premises.'

14. On June 21, 2016, at approximately 9:30 a.m., while plaintiff was working as an employee of Interphase Electric Corp. and preparing to run electrical pipe in the premises, it became necessary for the plaintiff and his co-worker to move a portable scaffold that was blocking the area that the plaintiff needed access to.

15. On information and belief the portable scaffold was owned and maintained by defendant GIBRALTAR CONTRACTING, INC. and/or defendant CALCEDO CONSTRUCTION CORP.

16. When plaintiff and his co-worker began to move the scaffold it collapsed, causing plaintiff to sustain partial amputations of the fourth and fifth fingers of his dominant hand and related injuries.

17. At the aforementioned time and place and as a result of the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees, plaintiff JOHN LUCEY was caused seriously injured as above descried.

18. Defendant GIBRALTAR CONTRACTING, INC., knew, or, in the exercise of due care, should have known of the dangerous and defective condition of the portable scaffolding.

19. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees in the ownership, operation, management, control, assembly, construction, repair and maintenance of the aforementioned scaffolding.

20. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees as described herein were in violation of Labor Law § 200(1).

21. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees as described herein were in violation of Labor Law § 240.

22. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees as described herein were in violation of Labor Law § 241(6).

23. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant GIBRALTAR CONTRACTING, INC., its agents, servants and/or employees as described herein were in violation of the Industrial Code, 12 NYCRR 23-1.1, et seq.

24. That solely by reason of all the foregoing, plaintiff JOHN LUCEY sustained catastrophic, serious, severe and permanent personal injuries and was rendered sick, sore, lame and permanently disabled; experienced extreme pain and suffering and continues to suffer from said injuries and pain and suffering; that plaintiff has been informed and believes that his injuries are of a permanent nature and plaintiff did seek medical aid, attention and treatment and will be required to do so in the future.

25. The accident and the injuries to plaintiff were caused wholly and solely by the negligence of the defendants and were not due to any fault or lack of care on the part of the plaintiff.

26. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

27. As a result of the foregoing, plaintiff JOHN LUCEY has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000).

## SECOND CAUSE OF ACTION AS TO DEFENDANT CALCEDO CONSTRUCTION CORP.

28. Plaintiffs repeat, reassert and reallege each and every one of the allegations contained heretofore in the preceding paragraphs as if set forth herein.

29. On June 21, 2016 at approximately 9:30 a.m., plaintiff was working as an employee of Interphase Electric Corp., and was running electrical pipe in the "premises."

30. On information and belief defendant CALCEDO CONSTRUCTION CORP. was the general contractor on the above-described VA Hospital construction project.

31. On information and belief, prior to June 21, 2016, defendant CALCEDO CONSTRUCTION CORP. entered into a contract with Interphase Electric Corp., plaintiff's employer, for the latter to perform electric sub-contracting work at and/or on the aforementioned "premises."

32. On information and belief, prior to June 21, 2016, defendant CALCEDO CONSTRUCTION CORP. had entered into a contract with defendant GIBRALTAR CONTRACTING, INC., for the latter to perform masonry work at and/or on the aforementioned "premises.'

33. On June 21, 2016, at approximately 9:30 a.m., while plaintiff was working as an employee of Interphase Electric Corp. and preparing to run electrical pipe in the premises, it became necessary for the plaintiff and his co-worker to move a portable scaffold that was blocking the area that the plaintiff needed access to.

34. On information and belief the portable scaffold was owned and maintained by defendant GIBRALTAR CONTRACTING, INC. and/or defendant CALCEDO CONSTRUCTION CORP.

35.     When plaintiff JOHN LUCEY and his co-worker began to move the scaffold it collapsed, causing plaintiff to sustain partial amputations of the fourth and fifth fingers of his dominant hand and related injuries.

36.     At the aforementioned time and place and as a result of the negligence, carelessness and recklessness of the defendant CALCEDO CONSTRUCTION CORP.., its agents, servants and/or employees, plaintiff JOHN LUCEY was caused seriously injured as above descried.

37.     Defendant CALCEDO CONSTRUCTION CORP. knew, or, in the exercise of due care, should have known of the dangerous and defective condition of the portable scaffolding.

38.     The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant CALCEDO CONSTRUCTION CORP., its agents, servants and/or employees in the ownership, operation, management, control, assembly, construction, repair and maintenance of the aforementioned scaffolding.

39.     At all times herein mentioned, the negligence, carelessness and recklessness of the defendant CALCEDO CONSTRUCTION CORP., its agents, servants and/or employees as described herein were in violation of Labor Law § 200(1).

40.     At all times herein mentioned, the negligence, carelessness and recklessness of the defendant CALCEDO CONSTRUCTION CORP., its agents, servants and/or employees as described herein were in violation of Labor Law § 240.

41. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant. CALCEDO CONSTRUCTION CORP., its agents, servants and/or employees as described herein were in violation of Labor Law § 241(6).

42. At all times herein mentioned, the negligence, carelessness and recklessness of the defendant CALCEDO CONSTRUCTION CORP., its agents, servants and/or employees as described herein were in violation of the Industrial Code, 12 NYCRR 23-1.1, et seq.

43. That solely by reason of all the foregoing, plaintiff JOHN LUCEY sustained catastrophic, serious, severe and permanent personal injuries and was rendered sick, sore, lame and permanently disabled; experienced extreme pain and suffering and continues to suffer from said injuries and pain and suffering; that plaintiff has been informed and believes that his injuries are of a permanent nature and plaintiff did seek medical aid, attention and treatment and will be required to do so in the future.

44. The accident and the injuries to plaintiff were caused wholly and solely by the negligence of the defendants and were not due to any fault or lack of care on the part of the plaintiff.

45. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

46. As a result of the foregoing, plaintiff JOHN LUCEY has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000).

**THIRD CAUSE OF ACTION AS TO**
**DEFENDANTS CALCEDO CONSTRUCTION CORP.**
**AND GIBRALTAR CONTRACTING, INC.**

47. Plaintiffs repeat, reassert and reallege each and every one of the allegations contained heretofore in the preceding paragraphs as if set forth herein.

48. At all times herein mentioned, plaintiff LORI LUCEY was the lawful wedded wife of plaintiff JOHN LUCEY and as such was entitled to the services, society, affection and consortium of her husband, plaintiff JOHN LUCEY.

49. That at all times herein mentioned, currently and in the future, plaintiff LORI LUCEY has been deprived and in the future will be deprived of the services, society, affection and consortium of her husband, plaintiff JOHN LUCEY.

50. As a result of the foregoing, plaintiff LORI LUCEY has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000).

51. Plaintiffs demand a trial by jury on all issues.

WHEREFORE, plaintiffs demand judgment against defendant GIBRALTAR CONTRACTING, INC. on the First Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00) and demand judgment against defendant CALCEDO CONSTRUCTION CORP., on the Second Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00), and demand judgment against defendants GIBRALTAR CONTRACTING, INC. and CALCEDO CONSTRUCTION CORP., on the Third Cause of Action in the sum of ONE MILLION DOLLARS ($1,000,000.00), together with the costs and disbursements of this action.

Dated: September 20, 2016
       New York, New York

        Respectfully submitted,

        McCARTHY & KELLY LLP


        By _____
           Gerald T. McCarthy
           GM 1964
        A Member of the Firm
        Attorneys for Plaintiff
        52 Duane Street, 7th Floor
        New York, New York 10007
        212-732-6408

TO:

CALCEDO CONSTRUCTION CORP.
10 Midland Avenue
Port Chester, NY 10573
914-935-0000

GIBRALTAR CONTRACTING, INC.
245 East 137th Street
Bronx, NY 10451
718-585-8800